IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KENNETH GREGORY WILLIAMS,**                    09-CV-799-AC

        **Plaintiff,**                     OPINION AND ORDER

v.

**STEVE SHELTON, Oregon
Department of Corrections
Health Service Director; MAY
RAINSM (CCCI) Health Service
Manager; D. SNIDER (CCCI);
DOUG BUTLER (ODOC) Health
Service Pharmacist,**

        **Defendants.**


**KENNETH GREGORY WILLIAMS**
4202792
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**JOHN KROGER**
Attorney General
**LEONARD W. WILLIAMSON**
**ANDREW D. HALLMAN**
Assistant Attorneys General
State of Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
(503) 947-4700

       Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Kenneth G. Williams's Motion (#46) to Vacate Order Dismissing Complaint for Failure to Exhaust Administrative Remedies or for Certificate of Appealability.

    For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to the extent that the Court reconsiders its May 11, 2010, Order.  Having reconsidered the merits of Plaintiff's arguments, however, the Court adheres to its May 11, 2010, Order adopting Magistrate Judge Acosta's Findings and Recommendation and **DENIES** Plaintiff's request for a Certificate of Appealability at this time.

## BACKGROUND

    Magistrate Judge John V. Acosta issued Findings and Recommendation (#36) on February 24, 2010, in which he recommended the Court grant in part and deny in part Defendants'

2 - OPINION AND ORDER

Motion to Dismiss for Failure to Exhaust. Specifically the Magistrate Judge recommended the Court deny Defendants' Motion to Dismiss as to Plaintiff's January 10, 2009, "discrimination complaint" and grant Defendants' Motion as to Plaintiff's December 23, 2008, Grievance No. M08-12-29. Plaintiff filed timely Objections to the Findings and Recommendation.

On May 11, 2010, the Court adopted the Findings and Recommendation and, accordingly, granted Defendants' Motion to Dismiss as to Plaintiff's claims based on Grievance No. M08-12-29, and denied Defendants' Motion as to Plaintiff's claims based on his January 10, 2009, discrimination complaint.

On May 21, 2010, Plaintiff filed a Motion to Vacate Order Dismissing Complaint for Failure to Exhaust Administrative Remedies or for Certificate of Appealability in which he requests the Court reconsider its Order dismissing his claims based on Grievance No. M08-12-29 or, in the alternative, allow him to appeal that Order.

**DISCUSSION**

**I.   Reconsideration**

In his Motion, Plaintiff reiterates the arguments he made in his Response to Defendants' Motion to Dismiss and in his Objections to the Findings and Recommendation. The Magistrate Judge thoroughly addressed Plaintiff's contentions in the

3 - OPINION AND ORDER

Findings and Recommendation. Accordingly, the Court adheres to its May 11, 2010, Order granting Defendants' Motion to Dismiss as to Plaintiff's claims based on Grievance No. M08-12-29.

## II. Appeal

Although Plaintiff requests a Certificate of Appealability, Plaintiff actually seeks interlocutory appeal of the Court's May 11, 2010, Order granting Defendants' Motion to Dismiss as to Plaintiff's claims based on Grievance No. M08-12-29.

### A. Standard

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Section 1292(b) "'is to be applied sparingly and only in exceptional circumstances.'" *Brizzee v. Fred Meyer Stores, Inc.*, No. CV 04-1566-ST, 2008 WL 426510, at *4 (D. Or. Feb. 13, 2008)(quoting *United States v. Woodbury*, 263 F.2d 784, 799 n.11 (9th Cir. 1959)). *See also James v. Price Stern Sloan, Inc.*, 283

4 - OPINION AND ORDER

F.3d 1064, 1068 n.6 (9th Cir. 2002)(interlocutory appeal may be approved in "rare circumstances").  Section 1292(b) is reserved for "'extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation,' such as 'antitrust and similar protracted cases.'"  *Id*. (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).  The Ninth Circuit has explained § 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *Wright*, 359 F.2d at 785.  Interlocutory appeals are limited to "rare circumstances" because they are a "departure from the normal rule that only final judgments are appealable." *James*, 283 F.3d at 1067 n.6.  "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (citations omitted).

    **B.    Analysis**

        Plaintiff has not established the Court's May 11, 2010, Order contains a controlling question of law or that this is the kind of extraordinary or exceptional case in which the Court should depart from "the normal rule that only final judgments are appealable."  Accordingly, in the exercise of its discretion, the Court **DENIES** Plaintiff's request for interlocutory appeal of the

5 - OPINION AND ORDER

Court's May 11, 2010, Order.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#46) to Vacate Order Dismissing Complaint for Failure to Exhaust Administrative Remedies or for Certificate of Appealability to the extent that the Court reconsiders its May 11, 2010, Order. Having reconsidered the merits of Plaintiff's arguments, however, the Court adheres to its May 11, 2010, Order adopting Magistrate Judge Acosta's Findings and Recommendation and **DENIES** Plaintiff's request for a Certificate of Appealability at this time.

IT IS SO ORDERED.

DATED this 11th day of August, 2010.

/s/ Anna J. Brown

---
ANNA J. BROWN
United States District Judge